IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Alan Fox, # 317979, ) | C/A No. 0:08-3841-TLW-PJG |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Raymond Reed, Warden, ) | |
| Respondent. ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The petitioner, a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254.[1]  Petitioner is currently confined at Manning Correctional Institution in Columbia, South Carolina.  This is Petitioner's initial § 2254 petition directed to his Richland County conviction for cocaine trafficking, entered on a guilty plea in October 2006.  Plaintiff did not file a direct appeal or a post-conviction relief ("PCR") application in South Carolina state court prior to filing this case.  He asserts as his sole ground for federal habeas relief that his due process rights were violated when his conviction and sentence were entered because the court was allegedly without subject matter jurisdiction.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the

---

[1] As soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal.  28 U.S.C. §§ 1915(e); 1915A.

procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corrections, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, _ U.S. _, 127 S. Ct. 2197 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## LEGAL ANALYSIS

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because the face of the Petition shows that Petitioner has not fully exhausted his state remedies. With respect to his 2006 Richland County conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can

be sought *only* after Petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); Picard v. Connor, 404 U.S. 270 (1971); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (citing Braden, 410 U.S. 484). Such considerations should not be dispensed with lightly.

> Section 2254's exhaustion requirement provides:
>
> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)     (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he



>has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. See Picard, 404 U.S. at 276. However, as noted above, it does not appear from the allegations contained in the Petition that Petitioner filed a direct appeal of his conviction and sentence to the South Carolina state appellate courts, nor does it appear that he filed a PCR application directed to the 2006 conviction and sentence in the Richland County courts. As a result, the ground for federal habeas relief ostensibly raised in the Petition filed in this case has not yet been considered and addressed by courts of the State of South Carolina. This failure to exhaust available state remedies is fatal to this case.

If Petitioner failed to file a direct appeal within the time the permitted by South Carolina law, it is possible that he may be able to receive belated appellate review if a post-conviction court finds that the deprivation of the direct appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. See, e.g., Sumpter v. State, 312 S.C. 221, 439 S.E.2d 842 (1994); Sims v. State, 313 S.C. 420, 438 S.E.2d 253 (1993); Gossett v. State, 300 S.C. 473, 388 S.E.2d 804, 805-07 (1990); Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986); White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 et seq., is a viable state-court remedy. Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977). Since it is clear from the face of the pleading in



this case that Petitioner has several viable state court remedies (direct appeal, PCR, appellate review of PCR) which have not been fully utilized, it is not appropriate for this court to maintain this case on its docket while Petitioner is exhausting his state remedies. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## RECOMMENDATION

Accordingly, the court recommends that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without issuance and service of process upon Respondent. See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

*Paige J. Gossett*

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 8, 2009
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).